DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CONAN L. MILLER and** )<br>**NANCY L. MILLER,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2012-0028 |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Conan L. Miller and Nancy L. Miller (collectively, the "Millers") (Dkt. No. 11), and Flagstar's "Renewed Motion for Default Judgment." (Dkt. No. 18). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment, as supplemented by its Renewed Motion for Default Judgment.

## BACKGROUND

On March 19, 2012, Flagstar filed a Complaint against the Millers, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Flagstar asserts that the Millers are titleholders of record to real property ("the Property"), and defaulted on a Promissory Note and on a Mortgage regarding that Property, which is described as:

> Plot 69 of Estate Hannah's Rest, West End Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.484 US Acres, more or less, as more fully shown on OLG Drawing No. 1704, dated November 27, 1964, revised August 22, 1986.

(Compl. ¶ 6, Dkt. No. 1). The Complaint alleges that, on June 1, 2007, the Millers executed and delivered to Gold Star Mortgage Corp. ("Gold Star") a promissory note (the "Note"), which obligated them to pay the principal amount of $184,500.00, together with interest at a rate of 6.500% per annum, in consecutive monthly installments of $1,166.179 beginning July 1, 2007. *Id.* ¶¶ 7-8. To secure payment on the Note, the Millers granted to Gold Star and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Gold Star and its successors and assigns, a first priority mortgage dated June 1, 2007 over the Property (the "Mortgage"), which provided that the Millers would pay to Gold Star the payments due under the Note. *Id.* ¶¶ 9-10.

The Complaint further alleges that, on or about November 1, 2011, the Millers defaulted under the terms and conditions of the Note and defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to the Millers by correspondence dated December 19, 2011, advising them that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-15. On February 22, 2012, MERS—for itself and as nominee for Gold Star—assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 17.

As to the debt cause of action, the Complaint provides that the Millers owe Flagstar the sum of $183,816.17 in unpaid principal balance; accrued interest from October 1, 2011 to February 3, 2012 in the amount of $4,048.12; pro-rata mortgage interest payment of $322.88; accumulated late charges in the amount of $245.72; accumulated NSF charges of $90.00; and recoverable corporate balance of $25.00; for a total amount due of $188,547.89. *Id.* ¶ 20.

Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 22, 23.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that the Millers are in default under the terms and conditions of the Note and Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from the Millers. *Id.* ¶¶ 26-28.

The Millers were served with a copy of the Summons and Complaint on April 1, 2012. (Dkt. Nos. 4, 5). They have neither answered the Complaint nor appeared in this action. On May 31, 2012, Flagstar filed a Notice of Bankruptcy, informing the Court that the Millers had filed for bankruptcy protection. (Dkt. No. 6). On September 12, 2012, Flagstar filed a Notice of Discharge of Bankruptcy Debtors, informing the Court that the Millers were granted bankruptcy discharges under 11 U.S.C. § 727. (Dkt. No. 7). On the same day, Plaintiff filed an Application for Entry of Default against the Millers. (Dkt. No. 8). The Clerk of Court entered default against both Defendants on September 14, 2012. (Dkt. No. 10).

On December 21, 2012, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 11), along with a Declaration of Counsel in Support of the Motion (Dkt. No. 12) and a Declaration of Counsel in Support of Request for Legal Fees (Dkt. No. 13). Because Flagstar had not supported its Motion with a memorandum of law or affidavit of indebtedness, the Court entered an Order on October 17, 2013 requiring Plaintiff to provide appropriate supporting

documentation that sufficiently detailed the nature of the charges being sought that comprised the indebtedness; and to bring all amounts due current as of the date of filing. (Dkt. No. 14).

On December 2, 2013, Flagstar filed a Renewed Motion for Default Judgment (Dkt. No. 18), accompanied by a Memorandum of Law in Support (Dkt. No. 19); an Affidavit of Indebtedness (Dkt. No. 20); and a Declaration of Counsel in Support of Costs and Attorney's Fees (Dkt. No. 21). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: the Millers were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not infants or incompetent persons, nor in the military service. (Dkt. No. 19 at 6). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that title to the Property is held by the Millers; the Millers executed the Note and the accompanying Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; the Millers defaulted under the terms of the Note and defaulted under the terms of the Mortgage; Flagstar gave the Millers proper notice of the default and they failed to cure that default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 6-7. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Serge Alexis, a Flagstar Foreclosure Analyst, who explained how the Bank's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 20 ¶¶ 3-8). The Affidavit sets forth the amounts due and

4

owing through October 31, 2013: $183,816.17 in unpaid principal balance; interest from October 1, 2011 through October 31, 2013 of $24,878.11; escrow advances of $11,822.87, consisting of hazard insurance, mortgage insurance premiums, and property taxes; a pro-rata mortgage insurance premium of $484.32; accumulated late fees of $1,351.46; inspections or other property preservation fees of $179.50; for a total amount due of $222,532.43. *Id.* ¶¶ 10-13. Mr. Alexis asserts that interest accrues at the per diem rate of $32.73. *Id.* ¶ 14. He also states that, based on the information he reviewed in connection with the loan, he had no information indicating that the Millers were either minors or incompetent. In addition, pursuant to an investigation conducted on November 6, 2013 using official online resources provided by the Department of Defense's Manpower Data Center, there was no record that the Millers were active members of the military service. *Id.* ¶ 16, Dkt. No. 20-8.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate, billed $250.00 per hour on this matter, and that Carol Hart, a paralegal, billed $125.00 per hour. (Dkt. No. 21). He attached a memorandum of costs showing that the total time spent on this matter was 15.75 hours through December 12, 2013; that the total amount of attorney's fees incurred was $3,625.00; and that the total amount of costs expended was $671.68. *Id.*; Dkt. No. 21-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the

sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

**A. Default Judgment**

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against the Millers. It has shown that: (1) default was entered against the Millers by the Clerk of Court (Dkt. No. 10); (2) the Millers have not appeared; (3) the Millers are neither infants nor incompetent persons (Dkt. No. 20, ¶ 16; *see also* Affidavit of Process Server, describing Conan L. Miller as 40 years old, Dkt. No. 4-1); and (4) the Millers were validly served with process. (Dkt. Nos. 4, 5). In addition, Flagstar provided copies of two Military Status Reports from the

Department of Defense Manpower Data Center showing that the Millers are not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 20-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 20).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Millers' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Millers' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 33-1, ¶ 6(E); Dkt. No. 33-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Flagstar seeks $3,625.00 in attorney's fees as compensation for 15.75 hours of work billed in this matter. The Court finds that the number of hours billed was reasonable in this run-of-the-mill default judgment debt and foreclosure case. *See, e.g., Nationstar Mortgage, LLC v. Wilcox,* 2013 WL 3376719, at *5 (D.V.I. July 5, 2013) (awarding $3.337.50 in attorney's fees where counsel spent a total of 13.85 hours on the case).

With regard to the second step of assessing the reasonableness of attorney's fees—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Flagstar has also provided affirmations from three Virgin Islands attorneys who aver that the typical

hourly rate charged by attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 19-3, 19-4, 19-5). The Court therefore concludes that the $250.00 per hour rate charged by Flagstar's attorney is reasonable and falls within the scope of rates for such services. (Dkt. No. 21).

Based on the foregoing, the Court concludes that the $3,625.00 sought in attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Mortgage, the Millers agreed to "pay[] all expenses incurred in enforcing this Security Instrument. . ." (Dkt. No. 20-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $671.68 for the following costs: title search, recording fees, on-line search on Accurint (People/Business search), title search, filing fees for Complaint, recording fees, postage, and process server. (Dkt. No. 21-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $671.68.

## CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against Conan L. Miller and Nancy L. Miller. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 11), as supplemented by its Renewed Motion for Default Judgment (Dkt. No. 18), will be granted. The Court will award a total of $4,296.68 in attorney's fees and costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 18, 2014          _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge