DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2012-0028 |
| ) | |
| CONAN L. MILLER and ) | |
| NANCY L. MILLER, ) | |
| ) | |
| Defendants. ) | |

**Attorney:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
   *For Plaintiff*

## JUDGMENT AND ORDER

**UPON CONSIDERATION** of the "Motion for Default Judgment of Foreclosure" and "Renewed Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Conan L. Miller and Nancy L. Miller (collectively, the "Millers") (Dkt. Nos. 11 and 18, respectively), and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion filed contemporaneously herewith, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that Flagstar's Motion for Default Judgment, as supplemented by the Renewed Motion for Default Judgment, is **GRANTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Flagstar has a first priority lien on the Property, described in the Memorandum Opinion as

> Plot 69 of Estate Hannah's Rest, West End Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.484 US Acres, more or less, as more fully shown on OLG Drawing No. 1704, dated November 27, 1964, revised August 22, 1986.

and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff Flagstar Bank, FSB is awarded final judgment against Defendants Conan L. Miller and Nancy L. Miller in the amount of $183,816.37; plus accrued interest from October 1, 2011 through October 31, 2013 in the amount of $24,878.11; plus escrow advances in the amount of $11,822.87; plus a pro-rata mortgage insurance premium of $484.32; plus accumulated late fees in the amount of $1,351.46; plus inspections or other property preservation fees and charges in the amount of $179.50; for a total indebtedness of $222,532.43; and it is further

ORDERED, ADJUDGED AND DECREED that such indebtedness shall accrue interest in the amount of $32.73 per diem from November 1, 2013 until the date of entry of this Judgment, plus interest at the statutory rate of four percent (4.000%) per annum from the date of entry of this Judgment until this Judgment is satisfied; and it is further

ORDERED, ADJUDGED AND DECREED that Flagstar is awarded attorney's fees and other expenses in the amount of $4,269.68 to be added to the total indebtedness set forth above; and it is further

ORDERED, ADJUDGED AND DECREED that Flagstar may seek an additional award of subsequent costs and attorney's fees to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property; and it is further

ORDERED, ADJUDGED AND DECREED that Flagstar's Mortgage dated June 1, 2007 and all other liens subsequent or inferior to Flagstar's Mortgage are hereby **FORECLOSED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendants Conan L. Miller and Nancy L. Miller and all persons claiming from or under them shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with V.I. Code Ann. Tit. 28, § 535; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the U.S. Marshal according to law at a judicially supervised sale and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this judgment in favor of Flagstar, including any costs and attorney's fees awarded or that may be awarded upon application and any sums that may be paid by Flagstar for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale, with interest from the date of any such payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above, shall be distributed in accordance with 5 V.I.C. § 489; and it is further

**ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that at any time before or after the Marshal's Sale, Flagstar shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and Flagstar and its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids; and it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set forth above and shall contain the terms and conditions of sale as set forth herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;

    b. Flagstar and its nominee(s) and assignee(s) may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

    c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;

    d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property;

e. The United States Marshal shall make her report of sale within ten (10) days from the date of sale.

f. If no objections have been filed in writing with the Clerk of Court by 10:00 a.m. within fifteen (15) days, inclusive, from the date of sale, the sale shall be confirmed upon motion of Flagstar or the purchaser.

3. Flagstar shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that Flagstar shall be entitled upon proper application to Judgment against Conan L. Miller and Nancy L. Miller for any deficiency that may remain after the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that copies of this Judgment shall be directed to the Parties' counsel of record, and shall be served by the U.S. Marshal on Conan L. Miller and Nancy L. Miller.

**SO ORDERED.**

Date: February 18, 2014
_____/s/_____
WILMA A. LEWIS
Chief Judge